FENDRICH, Plaintiff-Appellant, v. WILLIAMS, Sr., et, Defendants-Appellees.

Ohio Appeals, Seventh District, Mahoning County.

No. 4042. Decided April 1, 1959.

Friedman & Rummell, Youngstown, for plaintiff-appellant.
Ralph R. Miller, Youngstown, for defendants-appellees.

## OPINION

By PHILLIPS, J.

On the fourth day of August, 1949, plaintiff leased to defendants for use as a public parking lot until the thirty-first day of July, 1954, a parcel of land situated in downtown Youngstown, which parcel of land defendants had used prior thereto for a similar purpose for a number of years under verbal leases from plaintiff and her husband, which latter is now deceased.

On December 16, 1953, the parties executed a new lease in writing for a term beginning January 1, 1954, and ending December 31, 1959, at an increased rental, which lease was drafted by plaintiff's attorney.

On the seventh day of November, 1957, plaintiff commenced an action in the court of common pleas to reform the lease dated December 16, 1953, by changing the expiration date thereof from December 31, 1959, to December 31, 1958.

The typist of the lease testified:—

"A. This is a mistake: I remember we always used to prepare deeds like this and a lot of times it was a question as to the term and we would add by our fingers and made mistakes, and this actually isn't supposed to be the way it is; this is a mistake.

"* * *

"Q. You say five years commencing on the first day of January, 1954, who told you to make the ending of the lease December 31, 1959?

"A. I always did the endings.

"Q. Did you figure it out yourself?

"A. Yes. And a lot of times he assumed I was right, but I always used to make these mistakes in the term; I am positive."

In his finding of fact, which is supported by the evidence, the trial judge found:—

"The pertinent testimony of the plaintiff was that she had only agreed to a five (5) year lease; that after two talks with the defendants she turned the matter over to Attorney Joseph Friedman who conducted the final negotiations, * * *; that she did not read the lease when she signed it.

"The pertinent testimony of the defendants was that when the lease in question was drawn their term under the former lease had seven months to run i. e. to the 31st day of July, 1954; that the plaintiff insisted upon the new lease together with the higher rental beginning on the 1st day of January, 1954; that defendants insisted that if they were to give up the seven (7) months on the unexpired lease at the lower rental, then the new lease should be extended to December 31, 1959; that the new lease was so drawn by plaintiff's attorney and signed and acknowledged by them and the plaintiff."

In a terse finding of law, which we approve and adopt, the trial judge said:—

"The only grounds for reforming an instrument are those of fraud or mutual mistake. **B. & O. R. R. Co. v. Bing, 89 Oh St 92.**

"Where no question of fraud, bad faith or inequitable conduct is involved and when the right to reform the instrument is based solely upon a mistake, it is necessary that the mistake be mutual and that both parties understand the contract as the complaint or petition alleges it ought to have been and as in fact it was, except for the mistake. And this is so whether the mistake is one of fact or one of law. In either case the mistake must be mutual, not that of one of the parties alone, and must be established by clear and convincing evidence.

"A mutual mistake does not arise where one party insists that the contract expresses the agreement of the parties while the other claims that all which the parties intended was not placed in the written contract. **35 O. Jur. 30, p. 173-4; 35 O. Jur. 32, p. 166-7.**

"Where reformation of a written instrument is sought upon the ground of mistake of fact by the party preparing such instrument no

relief will be granted in the absence of clear and convincing evidence that a mistake was made and that such mistake was mutual. **Bellich v. C. I. T. Corp.**, 146 Oh St 36, syl. 5.

The trial judge found plaintiff had not sustained the burden of proof required for the reformation of the lease in question in this case, and that such lease is, therefore, held to be a valid lease for a term beginning January 1, 1954, and ending December 31, 1959.

The judgment of the court of common pleas is affirmed.

GRIFFITH, PJ, DONAHUE, J, concur.